UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8160-GW-PDx | Date | November 14, 2025 |
|---|---|---|---|
| Title | *Gillian Denali Griffin v. General Motors, LLC., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - ORDER DENYING MOTION TO REMAND; VACATING HEARING

Gillian Denali Griffin ("Plaintiff") filed a motion to remand in this action on September 26, 2025. *See* Motion, Docket No. 15. Defendant General Motors LLC ("Defendant") removed the case to this Court on August 29, 2025, asserting that this Court has subject matter jurisdiction over this action pursuant to principles relevant to diversity jurisdiction. *See* Notice of Removal, Docket No. 1, at 3:2-6:18; *see also* 28 U.S.C. § 1332(a)(1).

The motion first argues that Defendant's removal of this action to federal court was clearly untimely because the Complaint (which Defendant has not attached to her motion[1]), on its face, included a claim based on violation of a federal statute, the Magnuson-Moss Warranty Act ("MMWA").[2] As part of that argument, Plaintiff expressed that "it is impossible to believe that Defendant could not ascertain the amount in controversy exceeded $50,000.00 based on the face of the complaint alone,"[3] Motion at 6:22-24, and

---

[1] At the time Defendant removed the case, a First Amended Complaint had already been filed. *See* Notice of Removal, Docket No. 1, at 2:3-5. Defendant included a copy of the First Amended Complaint with its removal paperwork. *See* Docket No. 1-1.

[2] Where a complaint, on its face, reveals a basis for removal, a defendant has 30 days from proper service of the complaint to remove the case to Federal court. *See* 28 U.S.C. § 1446(b)(1); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005); *see also Murphy Bros., Inc, v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

[3] The First Amended Complaint's fifth cause of action, for violation of the MMWA has a $50,000 minimum for federal jurisdiction. *See Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022). As noted *supra*, Defendant did not rely upon the MMWA in attempting to demonstrate a basis for this Court's subject matter jurisdiction. Instead, it relied upon the provision for federal subject matter jurisdiction over matters between completely-diverse parties, implicating the $75,000.01 jurisdictional minimum of 28 U.S.C. § 1332(a).

| | : |
|---|---|
| Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8160-GW-PDx | Date | November 14, 2025 |
|---|---|---|---|
| Title | *Gillian Denali Griffin v. General Motors, LLC., et al.* | | |

further argues that Defendant "had more than sufficient information at its disposal to provide a plausible allegation regarding the satisfaction of the jurisdictional threshold" given the nature of Plaintiff's causes of action and requested relief in conjunction with Defendant's access to an invoice with a suggested retail price of the vehicle at issue. *Id*. 6:24-8:5. She also asserts, seemingly contradictorily, that Defendant could *not* meet its preponderance-of-the-evidence burden of establishing that the amount-in-controversy was in excess of $50,000. *Id*. 9:17-11:2.

Plaintiff's Notice of Motion with respect to this motion asserted that her counsel had – as required by Local Rule 7-3, *see* C.D. Cal. L.R. 7-3 – conducted a meet-and-confer conference with opposing counsel "raising, among other things, the issue of the timeliness of Defendant's removal." Docket No. 18, at i:19-21; *see also* Declaration of Michelle Yang, Esq. in Support of Plaintiff's Motion to Remand ("Yang Decl."), Docket No. 15-1, ¶ 9. She never backtracked from that characterization. As a result, the materials before the Court demonstrate that the only issue properly before the Court on this motion is the timeliness of Defendant's removal. As such, the Court will address only that issue in connection with the pending motion.[4]

By the time of her Reply brief, Plaintiff seemingly dropped the MMWA argument and solely rests her timeliness argument on Defendant's purported access to the same materials it used to compute the amount in controversy "months before removing." Reply, Docket No. 20, at 1:21-2:6. Regardless, Plaintiff is wrong as to her timeliness argument on both accounts because her First Amended Complaint did not, on its face, demonstrate a basis for removal in this case. *See* First Amended Complaint, Docket No. 1-1. Although based on a *federal statute*, a claim under the Magnuson-Moss Warranty Act (such as the First Amended Complaint's fifth cause of action) requires at least $50,000 be at stake for federal jurisdiction to exist. *See Shoner*, 30 F.4th at 1147 ("Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000."); *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004); *see also* Footnote 3, *supra*. That amount was *not* revealed on the face of the First Amended Complaint, which contains no dollar figure at all. Indeed, Plaintiff repeatedly concedes that her Complaint did *not* allege any specific dollar amount in controversy. *See* Motion at 6:21-22, 8:13-14. As such, there could be no jurisdiction over this matter pursuant to any

---

[4] A failure to sufficiently demonstrate the necessary amount-in-controversy is not a "procedural defect" in a removal. *See* Yang Decl. ¶ 4. As a result, the Court need not act upon that issue simply because Plaintiff has filed a motion that, in part, presents a procedural defect as a basis for remand. Moreover, Plaintiff mischaracterizes Defendant's burden to demonstrate the amount in controversy. While she is correct that the standard is preponderance of the evidence, *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007), she is wrong that Defendant may only meet its burden with evidentiary proof and without making any assumptions. *See* Reply at 3:25-12:6. Defendants are entitled to make reasonable assumptions, *see Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015), and "assumptions made part of the defendant's chain of reasoning need not be proven." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).

| | : |
|---|---|
| Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8160-GW-PDx | Date | November 14, 2025 |
|---|---|---|---|
| Title | *Gillian Denali Griffin v. General Motors, LLC., et al.* | | |

provision for a required dollar-minimum (based in the MMWA or otherwise). Further, to the extent diversity jurisdiction is at issue under 28 U.S.C. § 1332(a)(1) (the
actual basis for Defendant's removal of the case to this Court), the First Amended Complaint alleged only Plaintiff's *residence*, not her citizenship, *see* First Amended Complaint ¶ 2, and it is the latter that provides a basis for diversity-based federal jurisdiction. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). As a result, the First Amended Complaint's face reveals neither that component nor the $75,000.01 jurisdictional minimum required for that avenue to federal jurisdiction.

Whether or not Defendant had documents within its possession and/or could have engaged in investigatory efforts that would have revealed to it that the citizenship and/or amount-in-controversy elements were met and would allow removal is not relevant. *See Kuxhausen v. BMW Fin'l Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013); *Harris*, 425 F.3d at 695; *see also Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790-91 (9th Cir. 2018). Contrary to Plaintiff's assertion, Defendant's access to documents "containing a jurisdictional clue" cannot "operate in tandem with an indeterminate initial pleading to trigger" the 30-day removal deadline. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) ("We would eviscerate our holding in *Harris* if we required defendants to rely on pre-complaint documents to ascertain whether a case stated by an indeterminate initial pleading is actually removable."). Nor does it matter that Defendant clearly believes that it can satisfy its burden by demonstrating – through reliance on information *not* revealed on the face of the First Amended Complaint – that the necessary prerequisites are present here. Satisfaction of an evidentiary burden and the onset of the removal period are two separate issues. *See Kuxhausen*, 707 F.3d at 1141 n.3. A defendant has no obligation to kick-start its removal window by making investigatory efforts or considering materials outside the face of the complaint.

As the foregoing demonstrates, Plaintiff's only properly-presented argument is undeniably wrong. The motion is denied. The November 17, 2025 hearing date is vacated. *See* C.D. Cal. L.R. 7-15 ("The court may dispense with oral argument on any motion except where an oral hearing is required by statute, the F.R.Civ.P. or these Local Rules.").

IT IS SO ORDERED.

:

Initials of Preparer  JG